UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WADE P. JACKSON (#113076)                                CIVIL ACTION

VERSUS

WARDEN JIM BROWN, ET AL.                                 NO. 06-0941-C-M2

O R D E R

This matter is before the Court on the Order to the plaintiff to pay, within fifteen (15) days, the full amount of the Court's filing fee. Rec.doc.no. 13.

Pursuant to previous Order, rec.doc.no. 3, this Court denied the plaintiff's motion to proceed as a pauper herein and ordered him to pay the full amount of the Court's filing fee. By Order dated November 27, 2007, rec.doc.no. 13, the Court granted the plaintiff an extension of time of fifteen (15) days to make such payment. In the referenced Order, the plaintiff was explicitly placed on notice that a failure to comply with the Court's Order in this regard "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee. A review of the record by the Court now reflects that the plaintiff has failed to comply with the Court's Order in this regard. Accordingly,

**IT IS ORDERED** that this action be dismissed, without prejudice. Judgment shall be entered in accordance with this Ruling.

Baton Rouge, Louisiana, this 4th day of January, 2008.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Prior lawsuits filed by the plaintiff which have been dismissed by this Court or by the Court of Appeals as frivolous or for failure to state a claim include, but are not limited to Wade Jackson v. Louis Stroud, et al., No. CA-96-7482-B, and Wade Jackson v. Richard L. Stalder, et al., No. CA-96-7485-B (counting as two strikes because, after dismissal as frivolous in the district court, the plaintiff's appeal was also dismissed as frivolous).